[Civ. No. 17853. Third Dist. Apr. 3, 1979.]

WILLAMETTE INDUSTRIES, Plaintiff and Appellant, v.
FRANCHISE TAX BOARD, Defendant and Respondent.

**COUNSEL**

Brookes, Brookes & Vogl, Lawrence V. Brookes and Valentine Brookes for Plaintiff and Appellant.

Evelle J. Younger, Attorney General, Ernest P. Goodman, Assistant Attorney General, Edward P. Hollingshead and Charles C. Kobayashi, Deputy Attorneys General, for Defendant and Respondent.

**OPINION**

**REYNOSO, J.**—We are called upon to interpret a statute increasing a franchise tax rate in two particulars. First, when was the effective date of the change to the higher rate? Second, did the change immediately cover only "calendar" or "fiscal" years (both 12 months) or also include a shorter period, here four months? As we explain below, we conclude that the effective date predated the four-month period in question, and the statute covers a term of less than a year, as well as the ordinary fiscal and calendar years.

Plaintiff Willamette Industries appeals from a judgment of the Sacramento County Superior Court entered after the court granted defendant Franchise Tax Board's motion for summary judgment. In its complaint plaintiff sought a refund of taxes, contending that it had overpaid its franchise tax for the period September 1, 1967, through December 31, 1967. ■ We hold that the trial court properly granted the motion for summary judgment. Thus, we affirm the judgment.

I

The facts are not in dispute. Plaintiff is an Oregon corporation and is the successor in interest to Western Kraft Corporation, formerly a wholly owned subsidiary. During the period in question Western Kraft was qualified to do business in California. It commenced doing business in California in 1959, at that time reported its income on the basis of a fiscal year which began September 1, and ended August 31.

Western Kraft applied for and was granted permission to change from a fiscal year to a calendar year basis for reporting income. The change was to be effective January 1, 1968. This change in accounting periods required Western Kraft to report income for a short period in 1967, from September 1, through December 31. Western Kraft reported its income for that short period and paid its franchise tax at the rate of 7 percent. Plaintiff contends that the effective rate of tax for the short period was 5.5 percent rather than 7 percent. It seeks a refund of $17,169.18.

II

On July 29, 1967, chapter 963 of the Statutes of 1967 was approved by the Governor and filed with the Secretary of State. This statute increased the franchise tax rate from 5.5 percent to 7 percent. Section 104 of the act amended section 23151 of the Revenue and Taxation Code to read: "With the exception of financial corporations, every corporation doing business within the limits of this state and not expressly exempted from taxation by the provisions of the Constitution of this state or by this part, shall annually pay to the state, for the privilege of exercising its corporate franchises within the state, a tax according to or measured by its net income, to be computed at the rate of 7 percent upon the basis of its net income for the next preceding income year. In any event, each such corporation shall pay annually to the state, for the said privilege, a minimum tax of one hundred dollars ($100)."

The effective dates of certain of the amendments in the tax rates, including the change with which we deal, are controlled by section 154 of chapter 963 of the Statutes of 1967. A careful reading of subdivision (d), which we quote below, together with Revenue and Taxation Code section 23058, which we discuss in the next paragraph, paints this legislative picture: the tax is to be computed at the rate of 5.5 percent for the period ending December 1966. Thereafter, the 7 percent rate will apply. The statute speaks of "fiscal" or "calendar" years because these are the usual accounting periods. The legislative picture manifestly applies to a fiscal unit of fewer than 12 months. Subdivision (d) provides: "The provisions of this act effecting changes in the Bank and Corporation Tax Law shall be applied in the computation of taxes on or measured by net income of calendar or fiscal years ending after December 31, 1966. Banks and corporations whose fiscal years began prior to January 1, 1967, and end on or before November 30, 1967, shall compute their tax by applying the rate in effect as of December 31, 1966, and the rate provided for in this act on and after such date to their net income for the entire year in accordance with the method prescribed by section 24251 of the Revenue and Taxation Code." It further provides: [¶] "Notwithstanding any other provision in the Bank and Corporation Tax Law, in computing the amount of estimated taxes due and payable on declarations of estimated tax to be filed on and after June 15, 1967, for any calendar or fiscal year covered by the provisions of this act, the rates of tax provided in this act shall apply." It is plaintiff's contention that a short period is not a "calendar" or "fiscal" year, and that the change in the rate of tax therefore did not go into effect for short periods. In support of its contention plaintiff notes that both calendar years and fiscal years are defined as 12-month periods, while a short period is defined otherwise. (See Rev. & Tax. Code, § 24631, subds. (d) and (e); and § 24634, subd. (a).)

As we have noted, we find plaintiff's analysis unpersuasive. Revenue and Taxation Code section 23058 provides "Unless otherwise specifically provided the provisions of any law effecting changes in the computation of taxes shall be applied only in the computation of taxes for income years beginning after December 31st of the year preceding enactment and the remaining provisions of any such law shall become effective on the date it becomes law." The term "income year" includes a short period of less than one year. (Rev. & Tax. Code, § 24631, subd. (b)(3).) Section 155 of chapter 963 of the Statutes of 1967 provides: "This act is an urgency statute necessary for the immediate preservation of the public peace, health or safety within the meaning of Article IV of the Constitution and

shall go into immediate effect. The facts constituting such necessity are: [¶] In order for the provisions of this act to apply for the 1967-1968 fiscal year, it is necessary that this act go into immediate effect." The short period for which plaintiff seeks a refund was the business period of September 1, 1968 through December 31, 1968, and the tax for that period was measured by income received during the period September 1, 1967 through December 31, 1967. (See Rev. & Tax. Code, § 23151; Cal. Admin. Code, tit. 18, §§ 23151-23154.) Both the business period for which the taxes were imposed and the income period by which they were measured began and ended after the express effective date of the act. Thus, under both Revenue and Taxation Code section 23058 and section 155 of chapter 963 of the Statutes of 1967, the rate change applied to plaintiff's short period.

## III

The amendment of the franchise tax rate, contrary to plaintiff's argument, became effective immediately. The Constitution of the State of California article IV, section 8, subdivision (c) provides that statutes providing for tax levies or appropriations for the usual current expenses of the state, and urgency statutes, shall go into effect immediately upon their enactment. The amendment to the franchise tax rate thus became effective upon its enactment, both by its terms, and under the Constitution. That amendment imposed a 7 percent tax rate on net income of the next preceding *income year.* (Rev. & Tax. Code, § 23151.) An income year, we have noted, includes a short period. (Rev. & Tax. Code, § 24631, subd. (b)(3).) Thus, under the Constitution the rate change applied to plaintiff's short period which began and ended after the effective date of the amendment.

## IV

Plaintiff carves out of the language of section 154, subdivision (d) of chapter 963 of the Statutes of 1967, a legislative purpose to exempt corporations paying taxes on a short period from the general increase in tax rates. Plaintiff concedes that no reason appears to explain such an exemption. Nevertheless, it urges that it is not for us to reason why, it is for us to read and sigh. We persist in our attempt to use reason. Had the Legislature desired to exempt short period income years from the increase in the tax rate it would not have imposed that increased rate upon "income years" in Revenue and Taxation Code section 23151; rather, it would have imposed that rate upon "calendar" or "fiscal" years

only. The imposition of the increased rate on income years imposed that rate on short periods as well as calendar and fiscal years.

The Legislature's purpose in using the language that it did in section 154, subdivision (d) of chapter 963 of the Statutes of 1967 can be gathered from an understanding of the nature of the tax imposed. The franchise tax is not an income tax upon the net income of the taxable year, rather, it is a privilege tax measured upon the net income of the preceding year. (Rev. & Tax. Code, § 23151; Cal. Admin. Code, tit. 18, §§ 23151-23154.) Thus the tax which a corporation paid on net income of 1966 was actually a tax on the privilege of doing business in 1967. Different taxpayers, however, have different time periods in which they determine their income for purposes of the tax. A fiscal year taxpayer whose income year ended in 1967 but began in 1966 would pay his franchise taxes based in part upon 1966 income and in part upon 1967 income. If the taxpayer were required to pay at the amended tax rate for the entire period a higher tax on his 1966 income than the calendar year taxpayer would be paid since the calendar year taxpayer would pay at the lower rate for the entire 1966 period. In order to avoid this inequity the Legislature enacted section 154, subdivision (d) of the chapter 963 of the statutes of 1967.

Section 154, subdivision (d) insures that all taxpayers will pay at the same rate for the same time period. It does not discriminate in favor of short calendars. Thus the 1966 calendar year taxpayer would pay at 5.5 percent for the entire 1966 income year (that tax being the 1967 privilege tax), and at 7 percent for the entire 1967 income year (that tax applicable to 1968 business activities). The fiscal year taxpayer would pay at 5.5 percent for that portion of his 1966-1967 income year that was within 1966, and at 7 percent on his income after December 31, 1966. Under this scheme the tax based upon all business income derived from activity after 1966 would be at the higher rate, while all tax based upon 1966 income would be at the lower rate. That this was the purpose of the Legislature is confirmed by the provision that taxpayers were to compute their tax under Revenue and Taxation Code section 24251, which so provides.

We have noted that we find that the tax increase was applicable to plaintiff's 1967 short period under the Constitution, the Revenue and Taxation Code, and the amendatory act itself. We reject plaintiff's contention that the provisions stating the effective date of the 1967 amendments exempted plaintiff from the increased tax rate. We find the purpose of those provisions to be otherwise. Plaintiff does not suggest any reason the Legislature may have desired to exempt short period taxpayers

from the tax increase and we can perceive no reasonable purpose for such an exemption. The trial court thus properly granted the motion for summary judgment.

The judgment is affirmed.

Puglia, P. J., and Regan, J., concurred.